IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KARREEM SAMUEL JONES, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:14-CV-419 (MTT) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | **O R D E R** |

*Pro se* Petitioner **KARREEM SAMUEL JONES**, a prisoner in Augusta State Medical Prison, commenced this action by filing a standard 28 U.S.C. § 2255 form in the Eastern District of New York. (Doc. 1). Petitioner challenges the validity of his December 2006 conviction in the Superior Court of Bibb County, Georgia. On December 1, 2014, the Honorable United States District Judge Dora Lizette Irizarry construed Petitioner's filing as a 28 U.S.C. § 2254 petition and transferred it to this Court, as Petitioner was convicted in the Middle District of Georgia. (text-only docket entry dated Dec. 1, 2014).

By Order dated January 5, 2015, this Court directed Petitioner to refile his action on the proper section 2254 forms and to either pay the required $5.00 filing fee or move to proceed *in forma pauperis*. (Doc. 5). On January 30, 2015, the Court issued an Order that Petitioner show cause as to why the instant action should not be dismissed based upon Petitioner's failure to comply with the Court's January 5th Order. (Doc. 7). Petitioner filed a twelve-page handwritten document in the Eastern District of New York, which that

Court forwarded to this Court, and which the Clerk's Office docketed as an amended petition. (Doc. 6). Petitioner has yet, however, to submit the section 2254 form or to either pay the $5.00 filing fee or move to proceed *in forma pauperis*.

Even if Petitioner had complied with the Court's Orders, his petition would be subject to dismissal. Petitioner has previously filed a section 2254 action attacking this same December 2006 conviction: *Jones v. Johnson*, 5:11-cv-174 (MTT) (M.D. Ga.) ("*Jones I*"). On September 25, 2014, this Court dismissed *Jones I* as untimely filed. (*Jones I*, Doc. 56). Petitioner's appeal of this dismissal is pending before the Eleventh Circuit Court of Appeals.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). The instant petition is successive within the meaning of section 2244(b). *See e.g.*, *Morris v. Florida Dept. of Corrections*, 519 F. App'x 990 (11th Cir. May 28, 2013) ("For a second § 2254 petition to be considered successive, the first § 2254 petition must have been denied or dismissed with prejudice…. A denial of a § 2254 petition as untimely is considered to be with prejudice." (citations omitted)).

There is no indication that the Eleventh Circuit Court of Appeals has granted

Petitioner permission to file a successive habeas petition.  Accordingly, this Court lacks jurisdiction to act upon the instant petition.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

It is therefore **ORDERED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to Petitioner's filing in the Eleventh Circuit a motion for leave to file a second or successive habeas petition.  The Clerk of Court is **DIRECTED** to furnish Petitioner with the Eleventh Circuit's application form.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c), a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  The Court declines to issue a COA because Petitioner has not made a substantial showing of the denial of any constitutional right.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**SO ORDERED**, this 4th day of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr